**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER J. ARENDAS, | : | |
| | : | Civil Action No. 09-5965 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| HILLSBOROUGH POLICE DEP'T, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

PETER J. ARENDAS, Plaintiff <u>Pro Se</u>, c/o Gerald Betzner, Esq.
17 E. Union Avenue, Bound Brook, New Jersey 08805

WILLIAM JOSEPH WILLARD, Esq.
15 Mountain Boulevard, Warren, New Jersey  07059

**COOPER, District Judge**

Peter J. Arendas, an inmate who is confined at Monroe County Correctional Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the absence of three qualifying dismissals pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(a).  This Court, having reviewed Plaintiff's allegations, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.  BACKGROUND**

Plaintiff brings this Complaint against the Hillsborough Police Department; Hillsborough police officers Jack Howard,

Richard Sellitsch, David Brown, Richard Yock; Somerset County Jail; and Sheriff's Officer Goodman.  Plaintiff, who was confined at Somerset County Jail when he submitted the Complaint, asserts that defendants violated his constitutional rights by "committing acts of obstruction of justice, falsifying documents, perjury, official misconduct, false imprisonment and other violations of my civil rights."  (Docket Entry #1, p. 13.)  Plaintiff alleges that Hillsborough Police Officers Howard, Sellitsch, Brown and Yock, violated his rights as follows:

> [Defendant officers] aided and participated in official misconduct, specifically by delivering falsified Hillsborough Police Dept. complaints on the 4th month of 2009 day 7 and 11th month of 2009 20th day. [Defendants] committed acts of obstruction of justice by delivering falsified information to Somerset County Family Division Judges, municipal court judges, prosecutors, by misrepresenting facts to have me, Peter J. Arendas and my constitutional rights violated by opening mail not addressed to them, fabricating a domestic violence complaint utilizing a non victim on Union County New Jersey FRO 2000-209800 and falsifying documents with an unlegible [sic] oath administer[ed] and delivering falsified complaints to Somerset County officials and admitting that the oath administer[ed] in 2 complaints officer Howard filed did not administer an oath and refusing to cooperate to provide that oath administr[ato]r's name, causing me 8 months of incarceration without legitimate reason in the Somerset County Jail.  My present location.  False imprisonment. Also malicious prosecution.

(Docket Entry #1 at pp. 5-6.)

Plaintiff asserts that Somerset County Jail Officer Goodman violated his rights on November 21, 2009, by

> instruct[ing] me to go to CC2 in Somerset County Jail for the purpose of being served a falsified complaint .

> . . , refus[ing] to cooperate with myself . . . , and refus[ing] to provide me with his full name or a sgt or other Somerset County Jail official to have Hillsborough Police Officer formally charged with obstruction of justice, false imprisonment, falsifying documents, perjury, misconduct in an official capacity. Officer Goodman told me I would have to wait to Monday to see Internal Affairs of the Somerset County Jail. Officer Goodman was aware I was not read my Miranda rights while Officer David Brown attempted to question me of the Hillsborough Twp. Police Dept.  Officer Goodman threatened me to be put in Ad-Seg (administrative segregation) for only asking to see a Sgt or other ranking Somerset County Jail with a title beyond regular Sheriff's officer and further threatened me with violence.

(Docket Entry #1, p. 12.)

For violation of his constitutional rights, Plaintiff seeks seven million dollars in damages under 42 U.S.C. § 1983.  (Docket Entry #1, p. 15.)

## II.  STANDARD FOR DISMISSAL

The Court, before docketing or as soon as practicable after docketing, must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915, 1915A. The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional

scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The Court of Appeals for the Third Circuit, in addressing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), provided district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true

4

>all of the allegations contained in a complaint is
>inapplicable to legal conclusions [or to t]hreadbare
>recitals of the elements of a cause of action, supported
>by mere conclusory statements [, i.e., by] legal
>conclusion[s] couched as a factual allegation [e.g.,]
>the plaintiffs' assertion of an unlawful agreement [or]
>that [defendants] adopted a policy "'because of,' not
>merely 'in spite of,' its adverse effects upon an
>identifiable group." . . . . [W]e do not reject these
>bald allegations on the ground that they are unrealistic
>or nonsensical. . . . It is the conclusory nature of
>[these] allegations . . . that disentitles them to the
>presumption of truth. . . . [Finally,] the question [of
>sufficiency of] pleadings does not turn [on] the
>discovery process. Twombly, 550 U.S.] at 559 . . . .
>[The plaintiff] is not entitled to discovery [where the
>complaint asserts some wrongs] "generally," [i.e., as]
>a conclusory allegation [since] Rule 8 does not [allow]
>pleading the bare elements of [the] cause of action
>[and] affix[ing] the label "general allegation" [in
>hope of developing actual facts through discovery].

Iqbal, 129 S.Ct. at 1949-54.

Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).[1] In light of Iqbal, district courts must conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>First, the factual and legal elements of a claim should
>be separated. The District Court must accept all of
>the complaint's well-pleaded facts as true, but may
>disregard any legal conclusions. [See Iqbal, 129 S.Ct.

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.

> at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in <u>Iqbal</u>.] In other words, a complaint must do <u>more than allege the plaintiff's entitlement to relief</u>. A complaint has to "show" such an entitlement with its facts. See <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere* <u>possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief.'</u>" <u>Iqbal</u>, [129 S.Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

6

Plaintiff claims that defendants violated his constitutional rights by "committing acts of obstruction of justice, falsifying documents, perjury, official misconduct, false imprisonment and other violations of my civil rights." (Docket Entry #1, p. 13.) This Court will disregard these allegations as conclusory. See Iqbal, 129 S.Ct. at 11949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement") (citations and internal quotations omitted).

Plaintiff also asserts that Hillsborough police officers "deliver[ed] falsified Hillsborough Police Dept. complaints on the 4th month of 2009 day 7 and 11th month of 2009 20th day;" delivered falsified information to Family Court judges, municipal court judges and prosecutors; opened mail not addressed to them; "fabricat[ed] a domestic violence complaint utilizing a non victim;" and attempted to question Plaintiff while confined at Somerset County Jail without reading Plaintiff his Miranda rights.  Without more, the mere delivery of a falsified domestic violence complaint does not violate Plaintiff's constitutional rights. See Jarrett v. Twp. of Bensalem, 312 Fed.Appx. 505, 507 (3d Cir. 2009) ("filing of a false police report is not itself a constitutional violation") (citation and internal quotation marks omitted); Landrigan v. Warwick, 628 F.2d 736, 744 (1st Cir. 1980)

7

(existence of false police report does not deprive person of Constitutional right).  Moreover, a person's false statement to the police or in a criminal proceeding is not, without more, state action under § 1983.  See Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983); Adickes, 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).[2]  To be sure, malicious prosecution may violate the Constitution under certain circumstances.  A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). To state a claim for malicious prosecution predicated on the Fourth Amendment, a plaintiff must assert facts showing that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor[3]; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing

---

[2] Moreover, a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe, 460 U.S. at 330-46 (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 & n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

[3] "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element."  Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009).

8

the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009); see Hartman v. Moore, 547 U.S. 250 (2006); Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). However, as written, the Complaint does not state a malicious prosecution claim under § 1983 because he has not pleaded facts showing each of the aforesaid elements.

Plaintiff further asserts that police officer Brown attempted to conduct a custodial interrogation without advising Plaintiff of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444. Miranda requires that, before a custodial interrogation, police must warn a person that he has a right to remain silent, anything he says can be used against him in a court of law, he has the right to the presence of an attorney, and if he cannot afford an attorney, one will be provided. Id. at 479. The problem with Plaintiff's § 1983 Miranda claim is that "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at

9

trial." Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see Chavez v. Martinez, 538 U.S. 760 (2003).  Because nothing alleged in the Complaint supports an inference that Plaintiff made a statement to Officer Brown that was used against Plaintiff at trial to obtain a criminal conviction, Plaintiff's § 1983 claim based on a custodial interrogation by police without receiving the Miranda warnings fails.  See Renda, 347 F.3d at 559 (right against self-incrimination not violated where police used statements obtained from custodial interrogation where plaintiff was not warned of Miranda rights as basis for filing criminal charges, but charges were later dismissed).

    Plaintiff also seeks damages against Somerset County Jail Officer Goodman.  Plaintiff asserts that on November 21, 2009, Goodman allowed Plaintiff to be served a false complaint, refused to file criminal charges against the police officer who delivered the complaint, and threatened Plaintiff with violence and segregated confinement.  As previously stated, the service of a falsified complaint does not violate the Constitution.  To the extent that Plaintiff seeks to assert a claim based on Goodman's failure to bring criminal charges, the claim is without merit, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).  Finally, to the extent that Plaintiff seeks to

state a § 1983 claim based Goodman's threats, Plaintiff's allegations fail to state a § 1983 claim as a matter of law. See Richardson v. Sherrer, 344 Fed.Appx. 755, 757 (3d Cir. 2009) (threats and verbal harassment of prisoner do not violate Constitution); Kurtz v. City of Shrewsbury, 245 F.3d 753, 758-59 (8th Cir. 2001) ("alleged verbal harassment in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation"); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("mere allegations of verbal abuse do not present actionable claims under § 1983"); Hopson v. Fredericksen, 961 F.2d 1374, 1378-79 (8th Cir. 1992) (police officer's use of racial slur and threat to knock arrestee's teeth out do not state § 1983 claim).

 Plaintiff also claims in the Complaint that the Hillsborough Police Department and Somerset County Jail violated his rights under 42 U.S.C. § 1983. However, neither a jail nor a police department is a "person" which may be found liable under § 1983.

See <u>Petaway v. City of New Haven Police Dep't</u>, 541 F.Supp.2d 504, 510 (D. Conn. 2008); <u>PBA Local No. 38 v. Woodbridge Police Dep't</u>, 832 F.Supp. 808, 825-26 (D.N.J. 1993); <u>Powell v. Cook County Jail</u>, 814 F.Supp. 757, 758 (N.D. Ill. 1993); <u>McCoy v. Chesapeake Corr. Ctr.</u>, 788 F.Supp. 890, 893-894 (E.D. Va. 1992). Although Somerset County and Hillsborough are municipal entities that may be subject to suit under 42 U.S.C. § 1983, <u>see</u> <u>Ryan v. Burlington County</u>, 889 F.2d 1286, 1289 n.1, 1290 (3d Cir. 1989), a municipal entity cannot be held liable under § 1983 solely because it employs a tortfeasor. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id.</u> Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by Somerset County and/or Hillsborough inflicted any constitutional injury, the Complaint fails to state a claim against either municipal entity.

Because Plaintiff's allegations do not assert violation of his constitutional rights by any named defendant, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis, and dismisses the Complaint.  The Court will enter an appropriate Order and Judgment.

                                              s/Mary L. Cooper  
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated:  July 2, 2010